IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEON MERRIMAN, | Civil No. 04-467-HO |
|       Plaintiff, | ORDER |
| v. | |
| COMMISSIONER, Social Security Administration, | |
|       Defendant. | |

Plaintiff seeks judicial review of the decision of the Commissioner denying his application for disability insurance benefits.

At the outset, it is noted that the administrative law judge (ALJ) found that the evidence does not reveal a severe impairment. In order to render a decision consistent with a prior court ruling requiring the ALJ to credit as true a physician's opinion that plaintiff cannot return to past work, the ALJ nevertheless deemed that plaintiff suffers from a syndrome of chronic headaches, a severe impairment. (Tr. 292-

93).

Plaintiff contends that the ALJ stated insufficient reasons to reject his testimony, his wife's testimony and the opinions of two doctors.

The ALJ found plaintiff's statements concerning his impairment and its impact on his ability to work not entirely credible, because medical findings do not support his testimony regarding symptoms and limitations, plaintiff was active as a volunteer at a Boy Scout camp during his alleged period of disability )suggesting "he is able to get out and about at some activities"), plaintiff attempted to work and attempted to find work, and a doctor referred plaintiff to vocational rehabilitation. (Tr. 295-96). The ALJ also noted that Dr. Koekkoek had never seen plaintiff in severe pain during an office visit, despite plaintiff's complaints of daily headache pain, Dr. Buhl recommended that plaintiff get a job, and Dr. Yerby, the medical expert, opined that plaintiff would adjust to any sedation or dizziness from medications. (Tr. 293-94).

The ALJ stated sufficient clear and convincing reasons supported by substantial evidence for not fully crediting plaintiff's testimony. It is undisputed there is little if any objective medical evidence documenting a syndrome of chronic headaches. Pl's Brief at 25; (Tr. 218, 404). There is substantial evidence that plaintiff was "fairly active a[s] a

2 - ORDER

volunteer job at a Boy Scout Camp." (Tr. 388). Medical evidence and activities are relevant to the credibility determination. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ reasonably inferred from plaintiff's efforts to find work that plaintiff may have thought himself capable of work, and that his unemployment may have been due to factors other than an impairment.

Plaintiff contends that the ALJ cited insufficient reasons for rejecting Dr. Crumpacker's 1995 opinion that plaintiff cannot work. The ALJ noted that objective test results were negative, and Dr. Crumpacker's notes suggest that plaintiff exaggerated his symptoms. Dr. Crumpacker's opinion, like that of Dr. Koekkoek, discussed below, is contracted by the opinions of other doctors. (Tr. 215, 225-26, 257). The ALJ therefore had to provide specific and legitimate reasons to reject Dr. Crumpacker's opinion. Lester v. Chater, 81 F.3d 821, 829-833 (9th Cir. 1996). The reasons provided by the ALJ were sufficient. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (affirming rejection of contradicted opinion unsupported by objective medical evidence).

Plaintiff's also faults the ALJ's rejection of Dr. Koekkoek's 1999 opinion that plaintiff was disabled from headaches attributable to a 1994 accident. The ALJ accurately reported that Dr. Koekkoek's opinion included no particular

3 - ORDER

limitations and failed to report that testing and examinations yielded negative results, and that the opinion is unsupported by objective medical evidence. (Tr. 294, 392). The ALJ stated sufficient reasons to reject this opinion. Tonapetyan, 242 F.3d at 1149.

Plaintiff finally argues that the ALJ improperly rejected his wife's testimony regarding plaintiff's limited memory, mood swings, pain and need to rest because of headaches. The ALJ found her testimony unsupported by objective clinical findings or subjective behavior on examination. (Tr. 295). The stated reasons are germane to the witness's testimony, and are therefore adequate. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Plaintiff scored a normal 29 out of 30 on a 1995 mini mental status exam administered by Dr. Crumpacker. (Tr. 197). Dr. Crossen conducted a psychological evaluation and found neuropsychological functioning generally within the intact or normal range, with intact new learning, memory and complex problem solving. (Tr. 214). Although Dr. Peterson in April, 1996 noted evidence of right-left confusion, and difficulty with complex commands and task completion, plaintiff's ability to do simple calculations was unimpaired, abstract reasoning and orientation were intact, and there was no evidence of thought disorder or emotional lability. (Tr. 219).

Based on the foregoing, plaintiff does not demonstrate that

the ALJ's decision was unsupported by substantial evidence or legally erroneous.

## Conclusion

The decision of the Commissioner is affirmed.

DATED this 8th day of December, 2005.

_____
Michael R. Hogan
United States District Judge